# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KEITH L. TEARTT,

      Plaintiff,

v.                                                                    Case No. 8:10-CV-565-T-30TGW

PASCO COUNTY JAIL, et al.,

      Defendants.

_____/

## ORDER

Before the Court is the *pro se* prisoner Plaintiff's civil rights complaint filed against the Pasco County Jail; Bob White, Sheriff of Pasco County; and Lisa A. Okah, Plaintiff's former attorney, pursuant to 42 U.S.C. § 1983 alleging medical malpractice and deliberate indifference to his serious medical needs while an inmate at the jail, and legal malpractice by his former attorney. The Court has examined his complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint attempts to assert claims that are barred by the statute of limitations and which fail to state a claim upon which relief may be granted as to the Defendants named.

**Statute of Limitations**

Plaintiff filed his complaint on February 23, 2010. The Eleventh Circuit Court of Appeals has concluded that "a plaintiff must commence a §1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City*

*of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). Plaintiff's complaint alleges that the medical malpractice and deliberate indifference to his serious medical needs occurred while he was in Pasco County Jail in 2002. Thus, it is obvious that the Plaintiff did not commence this § 1983 claim within four years of the acts he contends are unconstitutional. Thus, the complaint on its face is time-barred under the applicable statute of limitations.[1]

**Pasco County Jail**

Plaintiff has sued the Pasco County Jail under § 1983. However, a county jail is not an entity that can be sued as a "person" under the statute. *See, e.g., Marsden v. Federal B.O.P.*, 856 F. Supp. 832, 836 (S.D. N.Y. 1994); *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983); *De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx 436, 437 (8th Cir. 2001) (affirming dismissal of county jail for failure to state a claim because not a suable entity for purposes of a § 1983 action) (citing *Marsden* and *Barber*).

**Sheriff White**

"For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," *see Owens v. Fulton*

---

[1] "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990). "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*.

*County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989), here the Pasco County Sheriff's Office.[2] *See*

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Jones v. Cannon*, 174 F.3d 1271, 1293

n. 15 (11th Cir. 1999). "A governmental entity is not liable under [§] 1983, merely as a

matter of respondeat superior, for constitutional injuries inflicted by its employees." *See*

*Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local

government is, however, liable under § 1983 "when execution of a government's policy or

custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said

to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436

U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities

under § 1983 is limited to instances of official policy or custom).

     To attribute liability to Defendant White in his official capacity under § 1983, Plaintiff

must demonstrate that Defendant White had an official policy or custom that was "the

moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d

1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here,

Plaintiff complaint fails to identify with specificity any policies, customs, or procedures

instituted by Defendant White that led to his injuries.  Therefore, the complaint fails to state

a claim against Defendant White in his official capacity.

---

[2]Because Plaintiff is proceeding pro se and it is not clear from the record whether he is suing Defendant White in his individual capacity only, the Court will consider the claim as being asserted against Defendant White in both his official and individual capacities. *See Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993) (finding that "[w]here the complaint is unclear on 'whether officials are sued personally, in their official capacity, or both,' courts must look to 'the course of the proceedings' which will 'typically indicate the nature of the liability sought to be imposed'" (emphasis in original) (citations omitted)).

To the extent that the allegations of the complaint may be read as an attempt to assert a claim against Defendant White predicated upon his supervisory position as the Sheriff of Pasco County, "[i]t is [] well established in this [c]ircuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)), *vacated on other grounds*, 449 F.3d 1149 (11th Cir. 2006). Under § 1983, supervisory liability occurs only when the supervisor personally participates in the alleged misconduct or when there is a causal connection between the supervising official's actions and the alleged constitutional deprivation. *Cottone*, supra at 1360. The complaint is entirely void of any facts that might be read to support an inference that a causal connection exists between Defendant White's conduct and Plaintiff's alleged injuries. Therefore, the claims against Defendant White in his individual capacity are subject to dismissal.

**Lisa M. Okah**

Plaintiff sues Lisa Okah, his former attorney, for legal malpractice. In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). "To satisfy section 1983's 'under

color of [state law]' requirement, a plaintiff must demonstrate that 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 984 F.2d 401, 403 (11th Cir. 1993) (*quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted). Plaintiff does not allege or demonstrate that Lisa Okah is a "state actor" or that the alleged deprivation took place under color of state law as required by § 1983.[3]

A *pro se* plaintiff's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). The Court cannot, however, proceed with a cause of action under §1983 where the named defendant is not a state actor.

While a plaintiff is not required to prove his claim in his complaint, he must allege sufficient facts in the complaint which, when viewed in the light most favorable to the plaintiff, support the conclusion that he may be able to establish that he is entitled to the

---

[3]Plaintiff's complaint vaguely alludes to the possibility that Lisa Okah conspired with the Pasco County Jail to deprive him of his rights (Dkt. 1 at pgs. 22-23). If a private citizen conspires with a state actor, then the private citizen acts under color of state law and is subject to § 1983 liability. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1285 (11th Cir. 2002) (citation omitted). However, the plaintiff attempting to prove such a conspiracy must show that the parties "reached an understanding" to deny the plaintiff his or her rights. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990) (citation omitted). In conspiracy actions, more than mere conclusory notice pleading is required. It is insufficient to simply allege that a conspiracy existed. *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). The allegations of Plaintiff's complaint regarding a conspiracy are wholly conclusory and speculative, and insufficient as a matter of law.

relief he seeks under § 1983. Plaintiff has failed to carry that burden, and the Court concludes that no relief could be granted against these defendants under any set of facts that could be proved consistent with the allegation made by Plaintiff in his complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** with prejudice because it is brought after the expiration of the applicable statute of limitations.

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is **DENIED** as moot.

3. The Clerk is directed to terminate any pending motions and close the case.

**DONE** and **ORDERED** in Tampa, Florida on March 17, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Plaintiff *pro se*

6